**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ULTIMATE ACQUISITION PARTNERS, | ) | |
| LP, et al., | ) | Case No. 11-10245 (MFW) |
| | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |
| | ) | |
| ALFRED T. GIULIANO, Chapter 7 | ) | |
| Trustee of Ultimate | ) | |
| Acquisition Partners, LP, | ) | |
| et al., | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 11-52663 (MFW) |
| | ) | |
| v. | ) | |
| | ) | |
| MITSUBISHI DIGITAL ELECTRONICS | ) | |
| AMERICA, INC. d/b/a MITSUBISHI | ) | |
| DIGITAL ELECTRONICS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**[1]

Before the Court is the Motion of Mitsubishi Digital Electronics America, Inc. ("Mitsubishi") to Dismiss the Trustee's Complaint for failure to state a claim for relief. For the reasons set forth below, the Court will grant the Motion with leave to amend.

---

[1] The Court is not required to state findings of fact or conclusions of law pursuant to Rule 7052(a)(3) of the Federal Rules of Bankruptcy Procedure.

I.  BACKGROUND

Ultimate Acquisition Partners, LP ("UAP") and CC Retail ("CC") (collectively, the "Debtors") are wholly owned by Ultimate Acquisitions, LLC.  UAP and CC operated 46 home entertainment and consumer electronics stores primarily in the mid-west and western United States under the name "Ultimate Electronics."  The Debtors regularly purchased products for resale from various manufacturers, suppliers, and distributors, including Mitsubishi.

The Debtors maintained a single bank account with Wells Fargo for both UAP and CC, from which the Debtors made all payments to suppliers of goods and supplies, including Mitsubishi.  Each check bore only the operating name of "Ultimate Electronics" on its face.

On January 26, 2011, UAP and CC filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On May 3, 2011, the Court converted the Debtors' cases to chapter 7.

On May 16, 2011, Mitsubishi timely filed a proof of claim comprised of a secured claim in the amount of $49,395.17, and a general unsecured claim in the amount of $569,107.94 and an administrative expense priority claim under section 503(b)(9) in the amount of $829,393.72.

On July 19, 2011, the Trustee filed the Complaint to avoid and recover alleged preferential transfers made to Mitsubishi.  On October 19, 2011, Mitsubishi filed its Motion to Dismiss the

Trustee's Complaint for failure to state a claim. Briefing has been completed and the matter is ripe for decision.

II. JURISDICTION

This Court has core jurisdiction over this adversary proceeding. 28 U.S.C. §§ 1334 & 157(b)(2)(F).

III. DISCUSSION

    A.   Standard of Review

A Rule 12(b)(6) motion serves to test the sufficiency of the factual allegations in the plaintiff's complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) ("The pleader is required to set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist."). A claim is deemed sufficient if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A complaint is sufficient if the claim is "facially plausible," a determination that is based upon the reviewing court's "judicial experience and common sense." Id. at 1950.

The Third Circuit has implemented a two-part analysis: "First the factual and legal elements of a claim should be separated. The [court] must accept all of the complaint's well-

pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). See also Iqbal, 129 S. Ct. at 1949-50 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). "The plaintiff must put some 'meat on the bones' by presenting sufficient factual allegations to explain the basis for its claim." Buckley v. Merrill Lynch & Co., Inc. (In re DVI, Inc.), Bankr. No. 03-12656, Adv. No. 08-50248, 2008 WL 4239120, at *4 (Bankr. D. Del. Sept. 16, 2008).

    B.   Preferential Transfers

The Trustee seeks to avoid several allegedly preferential transfers made to Mitsubishi within the 90-day preference period. Mitsubishi contends that the preference claims must be dismissed because the Trustee does not specify which Debtor made the transfers in question. See Miller v. Mitsubishi Digital Elecs. Am. Inc. (In re Tweeter Opco), 452 B.R. 150, 154-55 (Bankr. D. Del. 2011); Mervyn's LLC v. Lubert-Adler Grp. IV, LLC (In re Mervyn's Holdings, LLC), 426 B.R. 96, 105 (Bankr. D. Del. 2010); Pardo v. Gonzaba (In re APF Co.), 308 B.R. 183, 188-89 (Bankr. D. Del 2004); TWA Inc. Post Confirmation Estate v. Marsh USA Inc. (In re TWA Inc. Post Confirmation Estate), 305 B.R. 228 (Bankr.

D. Del 2004); Valley Media, Inc. v. Borders, Inc. (In re Valley Media, Inc.), 288 B.R. 189, 192 (Bankr. D. Del. 2003).

The Trustee admits that if Valley Media and Tweeter Opco are read to "absolutely require such identification, the Complaint is deficient." However, the Trustee contends that the transferor was sufficiently identified in the Complaint to eliminate the possibility of confusion on the part of Mitsubishi as to the source of the payments sought to be avoided, and thus his claim should not be dismissed.

The Court finds that the Trustee's Complaint fails to sufficiently identify the transferor. This Court has previously held that to survive a motion to dismiss, a preference complaint must specify which debtor made the transfer. See Gellert v. The Lenick Co. (In re Crucible Materials Corp.), No. 09-11582, 2011 WL 2669113, at *2 (holding that a preference complaint must allege "the name of the debtor/transferor"); In re Tweeter Opco, 452 B.R. at 154-55 (same); OHC Liquidation Trust v. Credit Suisse First Bos. (In re Oakwood Homes Corp.), 340 B.R. 510, 522 (Bankr. D. Del. 2006) (same); In re Valley Media, Inc., 288 B.R. at 192 (same). No reason has been given as to why this same rule should not be applied in the instant case, and therefore, the Court will dismiss the Trustee's preference claims.

    C.    Section 502(d)

The Trustee's Complaint also seeks to disallow Mitsubishi's

claim and 503(b)(9) administrative expense request pursuant to section 502(d) of the Bankruptcy Code.  Section 502(d) states in relevant part that "the court shall disallow any claim of any entity from which property is recoverable [as a preferential transfer], unless such entity or transferee has paid the amount, or turned over any such property, for which such entity is liable."  11 U.S.C. § 502(d).

Mitsubishi contends that the 502(d) claim should be dismissed because as of yet, there has been no judicial determination that Mitsubishi received a preference, and thus, Mitsubishi has not been found "liable" for any amount.  See Cohen v. Tic Fin. Sys. (In re Ampace Corp.), 279 B.R. 145, 163 (Bankr. D. Del. 2002); In re Lids Corp., 260 B.R. 680, 684 (Bankr. D. Del 2001); Seta Corp. of Boca, Inc. v. Atl. Computer Sys., Inc. (In re Atl. Computer Sys., Inc.), 173 B.R. 858, 862 (S.D.N.Y. 1994); In re Chase and Sanborn Corp., 124 B.R. 368, 370 (Bankr. S.D. Fla. 1991) (citing In re Colonial Servs. Co., 480 F.2d 747, 749 (8th Cir. 1973)); Mktg. Res. Int'l Corp. v PTC Corp. (In re Mktg. Res. Int'l Corp.), 35 B.R. 353, 356 (Bankr. E.D. Pa. 1984).

Mitsubishi further argues that section 502(d) is inapplicable to administrative expense requests.  See ASM Capital, LP v. Ames Dept. Stores, Inc. (In re Ames Dept. Stores, Inc.), 582 F.3d 422, 428-29, 432 (2d Cir. 2009) ("Section 502 . . . . provides a procedure for the allowance of claims that is

entirely separate from the procedure for allowance of administrative expenses"); <u>Southern Polymer, Inc. v. TI Acquisition, LLC (In re TI Acquisition, LLC)</u>, 410 B.R. 742, 750 (Bankr. N.D. Ga. 2009) ("the language of § 502(d) does not imply or create a defense to a § 503(b)(9) claim"); <u>In re Plastech Eng'r Prods. Inc.</u>, 394 B.R. 147, 164 (Bankr. E.D. Mich. 2008) ("503(b)(9) administrative expenses [are] beyond the reach of § 502(d)"); <u>In re Lids Corp.</u>, 260 B.R. at 683-84 ("administrative expense claims are accorded special treatment under the Bankruptcy Code and are not subject to section 502(d)").

The Trustee contends that while a final determination on its 502(d) claim may be contingent upon a judgment on the preference counts, dismissal at this stage is not necessary.  In asserting its 502(d) claim at this time, the Trustee argues he is putting Mitsubishi on notice of his intent to disallow Mitsubishi's claim and promoting judicial efficiency.  Moreover, the Trustee argues that the 502(d) claim is essential to prevent Mitsubishi from asserting a "new value" defense pursuant to section 547(c)(4),[2] possibly resulting in a double recovery for Mitsubishi through full payment of its 503(b)(9) claim while preventing the Trustee

---

[2] Section 547(c)(4) prohibits a trustee from avoiding a transfer made "to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor . . . on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor." 11 U.S.C. § 547(c)(4).

7

from recovering the allegedly preferential transfers.  The Trustee also asserts that the plain language of section 502(d) makes it applicable to "any claim of any entity," including a 503(b)(9) administrative expense request.

   The Court finds that the Trustee's 502(d) claim should be dismissed.  A debtor or trustee "wishing to avail itself of the benefits of section 502(d) must first obtain a judicial determination on the preference complaint."  In re Lids Corp., 260 B.R. at 684.  See also In re Mountaineer Coal Co., Inc., 247 B.R. 633, 647 (Bankr. W.D. Va. 2000) (holding that section 502(d) "would not appear applicable unless and until a finding under one of the cited sections had been made and then the claimant had failed to comply with such ruling").  The Trustee has not obtained any judicial determination of Mitsubishi's liability, and therefore, has no basis for a section 502(d) claim.  As to the Trustee's concern about Mitsubishi possibly asserting a new value defense to the preference claims, the Court is not persuaded that this is an appropriate consideration at this stage.

IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court concludes that Mitsubishi's Motion to Dismiss will be granted with leave to amend.

An appropriate Order is attached.


Dated: May 1, 2012                    BY THE COURT:

*[signature: Mary F. Walrath]*

Mary F. Walrath
United States Bankruptcy Judge